IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:13CV88-FDW-DSC

| | |
|---|---|
| BABETTE L. DIPROSPERO,<br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>Defendant. | )<br>)<br>)<br>) **MEMORANDUM AND RECOMMENDATION**<br>) **OF REMAND**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and "Brief in Support ..." (document #13), both filed December 13, 2013, and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support …" (document #16), both filed February 12, 2014. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On October 28, 2009, Plaintiff filed an application for a period of disability, Social Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging that she was unable to work as of September 1, 2009. (Tr. 58, 59, 116, 169, 197). Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff requested a hearing, which was held on February 29, 2012. (Tr. 27-45). On March 29, 2012, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits.[1] (Tr. 14-21). Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since her alleged onset date of September 1, 2009. (Tr. 16). The ALJ found that Plaintiff suffered from fibromyalgia, degenerative joint disease, and bilateral hip bursitis, which were severe impairments but did not meet or medically equal any of the listings in 20 C.F.R. 404, Subpart P, Appendix 1 ("the Listings") (Tr. 16-17). The ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform a full range of light work.[3] (Tr. 17-19). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her testimony regarding the extent of those symptoms was not fully credible. (Tr. 18). The

---

[1] Plaintiff subsequently filed a second application. She was awarded benefits on that application based upon a finding that she was disabled as of April 1, 2012. See Exhibit A to Plaintiff's Memorandum (document #13).

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

ALJ then found that Plaintiff could not perform her past relevant work, which required medium to heavy exertion. (Tr. 19). At the fifth and final step, the ALJ applied Medical-Vocational Rules 202.21 and 202.14, 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("the Grids") and determined that significant numbers of jobs existed in the national economy that Plaintiff could perform. (Tr. 20). Accordingly, the ALJ concluded that Plaintiff was not under a "disability," at any time between September 1, 2009 and the date of the decision. Id.

Plaintiff filed a timely Request for Review of Hearing Decision and submitted additional evidence. The Appeals Council received the additional evidence but denied Plaintiff's request for review. (Tr. 1-4).

Plaintiff filed the present action on June 18, 2013.

Plaintiff's assignments of error include the ALJ's failure to consider the opinion of Dr. Anthony G. Carraway, a state consulting psychiatrist who examined her on June 1, 2010. (Tr. 355-358). Plaintiff's "Memorandum …" at 8-9 (document #13). Plaintiff also assigns error to the ALJ's failure to receive testimony from a Vocational Expert ("V.E."). Id. at 20-23.

The parties' cross-Motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker,

3

795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, or to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time following her alleged onset date.[4] There is no indication in the record that the ALJ considered

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

4

Dr. Carraway's consultative opinion, or was even aware of it. As Plaintiff points out in her brief, Dr. Carraway found that she suffered non-exertional restrictions. Dr. Carraway also observed that the "fingers of her hands are quite swollen and the joints are quite swollen, puffy, and somewhat deformed." (Tr. 356, 358). The ALJ adopted the findings of Dr. Joshua J. Broman-Fulks, a consulting psychologist, who found much less restrictive limitations. (Tr. 17, 374-377).

This error is not harmless. Had the ALJ considered Dr. Carraway's opinion and found that Plaintiff suffered any non-exertional limitations, he would have been required to consult a V.E. at step five. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

In Grant, the Fourth Circuit Court of Appeals held that:

> [T]he grids may not be conclusively applied where nonexertional impairments exist in tandem with exertional limitations; instead individualized consideration must be given. . . The grids may satisfy the Secretary's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments. <u>To the extent that nonexertional impairments further limit the range of jobs available to the claimant, the grids may not be relied upon to demonstrate the availability of alternative work activities. Instead, in such cases the Secretary must produce a vocational expert to testify</u> that the particular claimant retains the ability to perform specific jobs which exist in the national economy.

699 F.2d at 192 (emphasis added).

Since the ALJ failed to consider Dr. Carraway's opinion or explain why he disregarded it, his decision to proceed without testimony from a V.E. was error. Accordingly, the ALJ's step five determination that there were significant numbers of jobs that Plaintiff could perform is not supported by substantial evidence. At the next hearing, the ALJ should specifically address all medical opinions in the record.

---

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #12) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

Remand to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

    **SO RECOMMENDED AND ORDERED.**

Signed: February 19, 2014

David S. Cayer
United States Magistrate Judge