UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cv-00088-FDW-DSC

| | |
|---|---|
| BABETTE L. DIPROSPERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, Commission or ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 12), and "Memorandum in Support . . ." (Doc. No. 13), Defendant's Motion for Summary Judgment" (Doc. No. 15) and "Memorandum in Support of the Commissioner's Decision" (Doc. No. 16), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17). This matter is now ripe for review.

For the reasons that follow, the Court ACCEPTS and ADOPTS the M&R (Doc. No. 17). The Commissioner's decision is VACATED, and this matter is REMANDED for further proceedings consistent with the Magistrate Judge's M&R.

**I. STANDARD OF REVIEW**

The Federal Magistrate Act states that "a [district] court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life &

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). *De novo* review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). The district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Upon careful review of the record, "the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

Here, the M&R recommended the Court GRANT Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, REVERSE the Commissioner's decision, and REMAND for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). Federal Rule of Civil Procedure 72(b) allows a party fourteen (14) days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Defendant timely and specifically objected to the M&R's conclusion that the ALJ's failure to consider Dr. Carroway's psychiatric exam was harmful legal error. Notably, Defendant does not object to any findings of fact, and those are hereby adopted as if incorporated by reference herein.

Turning to Defendant's argument, Defendant appears to concede the ALJ did not consider Dr. Carroway's psychiatric exam. Instead, Defendant argues Plaintiff failed to show any harm by the ALJ's failure to consider this. To the contrary, the M&R specifically considered whether the error was harmless and concluded "[S]ince the ALJ failed to consider Dr.

Carraway's opinion or explain why he disregarded it, his decision to proceed without testimony from a V.E. was error." (Doc. No. 17, p. 5.) Consequently, as the M&R concluded, the ALJ's determination in step five is not supported by substantial evidence. Defendant has not shown error in this conclusion, and the objection is overruled.

### III. Conclusion

IT IS THEREFORE ORDERED that the Court ACCEPTS and ADOPTS the M&R (Doc. No. 17). The Commissioner's decision is VACATED, and this matter is REMANDED for further proceedings consistent with the Magistrate Judge's M&R. This ruling is without prejudice for the ALJ to address on remand any of the arguments raised in Plaintiff's appeal to this Court.

IT IS SO ORDERED.

Signed: April 28, 2014

Frank D. Whitney
Chief United States District Judge