# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## DOCKET NO. 5:13-CV-00088-FDW-DSC

| | |
|---|---|
| BABETTE L. DIPROSPERO, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )    **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Attorney's Fees (Doc. No. 23) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(b) and 2412(d). Defendant filed a response in opposition to Plaintiff's Application for Attorney's Fees (Doc. No. 26), arguing that the Commissioner's defense of her final decision was substantially justified. Having carefully considered the Motion, the record, and applicable authority, the Court GRANTS the Motion.

On April 28, 2014, this Court affirmed the "Memorandum and Recommendation" issued by the Honorable David S. Cayer that recommended remand for a new hearing and further consideration. (Docs. Nos. 17, 21). This Court concluded that an error occurred when the ALJ failed to consider the consultative opinion of Dr. Anthony G. Carraway, and that such error was not harmless. Id. The Court held that the ALJ's determination in step five was not supported by substantial evidence and remanded under Sentence Four of 42 U.S.C. § 405(g). Id. Plaintiff filed a Motion for Attorney's Fees and Costs (Doc. No. 23) and a Supporting Memorandum (Doc. No. 24) on May 19, 2014. Defendant responded in opposition (Doc. No. 26) to which Plaintiff replied (Doc. No. 27).

Granting a motion for attorney's fees and costs to the "prevailing party"[1] under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A court's decision to award attorney's fees is within its sound discretion. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The Government has the burden of showing that its position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 314 (4th Cir. 2013) (citing EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994)). Substantial justification does not require the position to be correct but may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). "The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law." Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (citing Pierce, 487 U.S. at 565).

The Government's position includes "both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position." Crawford, 935 F.2d at 656-67 (citing I.N.S. v. Jean, 496 U.S. 154 (1990)); see also Granby[2], 736 F.3d at 315-16. Normally, the Government's position would be substantially justified if the Commissioner does no more than rely on an arguably defensible administrative record but not if the record is deficient. Guthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir. 1983).

"In determining whether the [G]overnment's position in a case is substantially justified,

---

[1] It is undisputed that Plaintiff is the prevailing party. When the court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).
[2] When a court has independently determined that the prelitigation position is unreasonable but the litigation position reasonable, "the government must prove that the unreasonable position did not 'force' the litigation or substantially alter the course of the litigation." Granby, 735 F.3d at 317. However, generally an unreasonable prelitigation position will lead to an award of fees under the EAJA. Id. The Court need not address this point on this case.

[the Court] look[s] beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment acted reasonably in causing or in taking a [particular] stance during the litigation." Meyer v. Colvin, No. 13-1700, slip. op. at 8-9 (4th Cir. June 10, 2014) (quoting Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [G]overnment and the extent to which the alleged governmental misconduct departed from them." Id. at 14 (quoting Roanoke River Basin, 991 F.2d at 139)

In the case at bar, the ALJ's failure to consider the medical opinion of Dr. Carraway undermines the Government's objective of determining Claimant's disability. By failing to follow the well-established law on evaluating medical opinions, 20 C.F.R. § 1527(e)(2), the ALJ could have erred in his finding of only exertional limitations and in his application of the grids to determine disability.

The Government argues that their position is substantially justified because a reasonable person could have found the ALJ's error harmless. (Doc. No. 26). In essence, they contend that a reasonable person could have found that considering Dr. Carraway's opinion would not have changed the ALJ's conclusion because Dr. Carraway and the ALJ concluded Plaintiff's mental abilities allowed for simple tasks and another treating source noted Plaintiff's swollen joints. Id. However, the case law that the Government claims supports this position is distinguishable from the circumstances in this case. In Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 U.S. Dist. LEXIS 137695, at *4 (E.D.N.C. Sept. 24, 2013) (emphasis added), the Court acknowledged that "in *most cases*, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand." However, in that

case, the ALJ stated the weight given to all three other medical opinions and generally addressed the weight given to the state agency consultants. Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 U.S. Dist. LEXIS 137698, at *29-31 (E.D.N.C. Aug. 30, 2013). Thus, the error only resulted from the ALJ failing to specifically mention the state agency consultant Dr. Charles's non-examining assessment and explicitly stating the weight given to his conclusion. Id. at *30-31. The Court found the error harmless because it was "*inconceivable* that the ALJ would have reached a different conclusion even had he incorporated Dr. Charles's opinion into the analysis." Id. at *42 (emphasis added). Also, the record as a whole supported the non-severity of the plaintiff's depression, id. at *45, and a vocational expert testified, id. at *64.

Likewise in Yuengel v. Astrue, No. 4:10-CV-42-FL, 2010 U.S. Dist. LEXIS 139918, at *24 (E.D.N.C. Dec. 17, 2010), the opinion of Dr. Taska, which only stated that "[i]n my opinion, [claimant] is not medically capable of working at this time," was not mentioned by the ALJ. Yet, the ALJ did acknowledge the medical records from Dr. Taska's office, Tideland, and the ALJ weighed and explained his decision not to adopt Dr. Zouev's identical conclusion that claimant was not capable of maintaining full-time employment. Id. at *26-27. Additionally, Dr. Taska gave no explanation of her opinion, id. at *24, and a vocational expert testified, id. at *10-11.

Thus, the circumstances surrounding the errors in both Love-Moore and Yuengel did not thwart the Court from concluding that substantial evidence supported the step five determination. Such is not the case here. Dr. Carraway's conclusion, which included claimant having a nonexertional impairment (Tr. 356-58), was not similar or identical to Dr. Joshua J. Broman-Fulk's opinion, which found that her symptoms from adjustment disorder are not of a severity that would significantly affect her ability to work (Tr. 377), or to the ALJ's determination that

4

Plaintiff could perform light work without any additional exertional or nonexertional limitations (Tr. 17, 374-377). Thus, the Government's litigation position factually was unreasonable.

The agency's prelitigation position is also unreasonable. The record is deficient. The ALJ did not list the weight or explain his reasoning for assigning weight to *any* consultant examiners. (Tr. 19). He only stated that no weight was given to the opinion of Dr. John Winfield. (Tr. 19). Also, substantial evidence could not support the ALJ's conclusion, because no vocational expert testified. (Doc. No. 17). Here, the ALJ's conduct substantially departed from the rules and regulations for assessing medical opinions. See 20 C.F.R. § 404.1527(e)(2).

Further, this case is distinguishable from other cases where courts have found substantial justification in the Government's position. See Meyer, No. 13-1700, slip. op. at 11, 14 (affirming the denial of a motion for attorney's fees because the Commissioner was the prevailing party on one of two important issues and the Commissioner's position that additional evidence was of limited utility given that the treating doctor last examined plaintiff years before his letter and that his findings were duplicative of those of a non-treating physician was reasonable)[3]; Snuggs v. Colvin, No. 4:11-CV-128-FL, 2013 U.S. Dist. LEXIS 51034, at *5-6 (E.D.N.C. April 9, 2013) (finding substantial justification because at the time of the Government's argument, circuit law

---

[3] The Court notes that this case is distinguishable from Meyer. In Meyer v. Astrue, 662 F.3d 700, 701, 707 (4th Cir. 2011), the District Court denied remand, but the Fourth Circuit reversed in favor of the plaintiff because they could not determine whether substantial evidence supported the ALJ's denial of benefits in light of new evidence from a treating physician. The new evidence from the treating physician, who treated the plaintiff two years prior, noted his agreement with a majority of a non-treating physician's findings, which the ALJ had weighed and considered. Meyer, No. 13-1700, slip. op. at 3, 11. Thus, the Fourth Circuit found substantial justification for the Commissioner's position because a reasonable person could have thought the Commissioner's position, that the treating physician's opinion was duplicative and should be accorded less weight, would prevail. Meyer, No. 13-1700, slip. op. at 11 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)); see 20 C.F.R. § 404.1527(c)(2)(i). In contrast, here, psychiatrist Dr. Carraway's medical opinion is not new evidence; neither the M&R nor this Court found for the Commissioner; and Dr. Carraway's opinion does not adopt or cite psychologist Dr. Broman-Fulks's opinion. Rather, they had different diagnoses (Tr. 357-78, 377). Dr. Carraway also opined claimant suffered from nonexertional impairments that Dr. Broman-Fulks did not mention. (Tr. 358, 377).

was less settled regarding the ALJ's consideration of Veteran's Affairs decisions); Cogar v. Astrue, No. 3:04CV113, 2008 U.S. Dist. LEXIS 51872, at *5-6 (N.D. W. Va. July 8, 2008) (finding substantial justification because relevant evidence supported the Government's position that the omission of claimant's need for minimal interpersonal contact was harmless because the vocational expert cited several jobs where the work function required working with things and not people); Brady v. Astrue, No. 2:07-CV-17, 2009 U.S. Dist. LEXIS 130872, at *8 (N.D. W. Va. Jan. 14, 2009) (finding substantial justification for the Government's position that the ALJ adequately considered medical opinions because the Court found the ALJ erred only for not specifically addressing inconsistences between the doctors' conclusions and remanded for lack of sufficient documentation of consideration).

This case is not remanded for a technical correction: it is neither an error of articulation nor the result of an intervening change of law. Instead, there are several tasks before the ALJ on remand.[4] Thus, in light of the totality of the circumstances, the Court finds the Government was not substantially justified.

**IT IS, THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to 28 U.S.C. §§ 2412(b) and 2412(d) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Social Security Administration shall pay attorney's fees in the amount of seven thousand seven hundred eleven dollars and eight-one cents ($7,711.81) in full satisfaction of any and all attorney's fee claims that Plaintiff may have in this case under the EAJA.

Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 560 U.S. 586

---

[4] The Court notes that the adopted Memorandum and Recommendation (Doc. No. 17) requires the ALJ to specifically address all medical opinions in the record. See 20 C.F.R. § 404.1527(e)(2)(ii).

(2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the Government. If, subsequent to the entry of this Order, the Commissioner determines that Plaintiff owes a debt to the Government that would subject this award of attorney's fees to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff, rather than to counsel.

**IT IS SO ORDERED**.

Signed: June 18, 2014

Frank D. Whitney
Chief United States District Judge